IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-95-158-D |
| | ) | (Case No. CIV-18-592-D) |
| JOHN R. TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant John R. Taylor's *pro se* "Motion Pursuant to 28 U.S.C. § 2255(f)(3)" [Doc. No. 408]. Defendant seeks relief from concurrent 360-month prison sentences imposed in 1998, based on the same ground raised in a prior § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant claims the ruling in *Johnson*, "which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii) is void for vagueness, also applies to the residual clause of §4B1.2 of the U.S.S.G. mandatory sentencing enhancement provision before *U.S. v. Booker*, 543 U.S. 220 (2005)." See Def.'s Mot. at 1.

This claim was previously raised in a § 2255 motion that the Court dismissed because – although the court of appeals had authorized Defendant to file a second or successive motion to assert a *Johnson* claim – he failed to satisfy a precondition to relief, that is, he failed to show his claim was based "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." See 28 U.S.C. § 2255(h)(2). See 8/9/17 Order [Doc. No. 401] at 8. Defendant now "asks this court to

re-examine its Order denying the previous § 2255 motion (Doc. #401)" in light of the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See* Def.'s Mot. at 1.[1]

Upon consideration of Defendant's Motion, the Court finds that it constitutes a second or successive § 2255 motion for which prior authorization from the court of appeals is required. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3). Although Defendant requests reconsideration of the Court's 2017 Order, he does not rely on any claim of error that would permit relief under Fed. R. Civ. P. 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (applying *Gonzalez* in § 2255 proceeding).[2] Without prior certification from the court of appeals of a second or successive § 2255 motion, this Court lacks subject matter jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

---

[1] Defendant appealed the prior dismissal, and the Tenth Circuit denied a certificate of appealability and dismissed the appeal on an alternate ground. *See United States v. Taylor*, No. 17-6190, 2018 WL 992290 (10th Cir. Feb. 20, 2018). However, the Tenth Circuit has reached the same conclusion as this Court, that is, the type of claim asserted by Defendant does not rely on a retroactively-applicable Supreme Court decision. *See United States v. Greer*, 881 F.3d 1241, 1248 (10th Cir. 2018). Defendant argues in support of the instant Motion that "*Dimaya* abrogated *Greer*." See Def.'s Mot. at 7.

[2] "Under *Gonzalez*, a [Rule] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215.

In this situation, the Court must decide whether to dismiss Defendant's Motion or to transfer it to the court of appeals pursuant to 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Upon consideration of the factors identified in *Cline*, the Court finds that a transfer is not warranted under the circumstances, "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer." *Id*. Therefore, the Court finds that the proper disposition of this matter is a dismissal for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant to 28 U.S.C. § 2255(f)(3) [Doc. No. 408] is DISMISSED. A judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief is denied on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds that this standard is not met here. Therefore, a COA is DENIED.

IT IS SO ORDERED this 25th day of June, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE